# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| SYNERGY PROJECTS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> EDWARD R. GREEN et al., <br><br> Defendants. | No. 14-CV-10-LRR <br><br> **ORDER** |

## I. INTRODUCTION

The matters before the court are Plaintiff Synergy Projects, Inc.'s ("Synergy") "Renewed Motion for Partial Summary Judgment Against Edward R. Green" ("Motion for Summary Judgment") (docket no. 54); Synergy's "Motion for the Entry of Default Judgment Against Lance M. Hale and Lance M. Hale & Associates" ("Motion for Default Judgment Against Hale and Hale & Associates") (docket no. 62); Synergy's "Motion for Entry of Default Judgment Against Lucas Denn" ("Motion for Default Judgment Against Denn") (docket no. 63); Synergy's "Motion for the Entry of Default Judgment Against Edward R. Green" ("Motion for Default Judgment Against Green") (docket no. 68); Lance M. Hale and Lance M. Hale & Associates' ("Hale & Associates") Motion to File Answers to the Second Amended Complaint and Set Aside Default Entry ("Motion to Set Aside Default Entry") (docket no. 74); and Synergy's "Motion to Enforce Settlement Agreement" (docket no. 75).

## II. PROCEDURAL HISTORY

On January 29, 2014, Synergy filed a Complaint (docket no. 2) against Edward R. Green, Lance M. Hale, Lance M. Hale & Associates, Wisdom International Investment Group, Ltd., Northwest Premier, Inc. and Lucas Denn, alleging various claims of breach of contract, fraudulent misrepresentation, breach of fiduciary duty and fraudulent

concealment. On February 6, 2014, Synergy filed an Amended Complaint (docket no. 4) that added claims for violations of Washington, Iowa and federal securities laws. On May 8, 2014, Green filed an Answer to the Amended Complaint (docket no. 9). On May 16, 2014, Hale filed an Answer to the Amended Complaint (docket no. 12). On October 22, 2014, the court granted Synergy leave to file a Second Amended Complaint (docket no. 36). On October 23, 2014, Synergy filed a Motion for Partial Summary Judgment Against Green (docket no. 38). On October 29, 2014, the Second Amended Complaint was separately docketed (docket no. 39). The Second Amended Complaint is against Denn, Hale, Hale & Associates and Green.

On November 18, 2014, Synergy filed a "Motion for the Entry of Default Against Defendants Lance M. Hale and Lance M. Hale & Associates" (docket no. 41). On November 19, 2014, the Clerk of Court entered default against Hale and Hale & Associates (docket no. 42). On December 9, 2015, Synergy filed a "Motion for Clerk's Entry of Default Against Lucas Denn" (docket no. 47). On December 9, 2014, the Clerk of Court entered default against Lucas Denn (docket no. 48).

On February 5, 2015, the court denied without prejudice Synergy's Motion for Partial Summary Judgment Against Edward R. Green. On March 27, 2015, Synergy filed the Motion for Summary Judgment. On May 11, 2015, Synergy filed the Motion for Default Judgment Against Hale and Hale & Associates. On May 11, 2015, Synergy filed the Motion for Default Judgment Against Denn. On May 19, 2015, Synergy filed a Motion for Default Entry Against Green (docket no. 66). On May 20, 2015, the Clerk of Court entered default against Green (docket no. 67). On May 21, 2015, Synergy filed the Motion for Default Judgment Against Green. On June 9, 2015, Hale filed the Motion to Set Aside Default Entry. On June 11, 2015, Synergy filed the Motion to Enforce

2

Settlement. On June 29, 2015, the court held a hearing on the motions ("Hearing"). *See* June 29, 2015 Minute Entry (docket no. 85).[1]

The court will first address the Motion to Enforce Settlement Agreement. Next the court will address the four motions for default judgment, along with Hale's Motion to Set Aside Default Entry.

### *III. SETTLEMENT AGREEMENT*

In the Motion to Enforce Settlement Agreement, Synergy requests that the court enforce an agreement allegedly entered into by Green and Synergy in November of 2014. *See generally* Settlement Agreement and Release (docket no. 78-4).

"Settlement agreements are to be construed according to principles of contract law." *Amana Refrigeration, Inc. v. Pidgeon's Furniture & Appliance Stores, Inc.*, 883 F.2d 657, 658 (8th Cir. 1989) (quoting *Wright v. Scott*, 410 N.W.2d 247, 249 (Iowa 1987)). "Under Iowa contract law, the intent of the parties controls the construction of the contract. The parties' intent will be determined 'in conformity with a reasonable application of the circumstances under which the instrument was executed.'" *Id.* (quoting *First Nat'l Bank in Creston v. Smith*, 331 N.W.2d 120, 122 (Iowa 1983)) (internal citation omitted).

Synergy argues that Green, through his counsel, Michael Mone, agreed to the terms of a written settlement agreement. The settlement agreement was prepared by counsel for Synergy and signed by David Wild, president of Synergy. However, Green has not signed the settlement agreement. *See* Settlement Agreement and Release at 2. Furthermore, the e-mails exchanged between Mone and counsel for Synergy do not include Green. The only evidence of Green's intent to enter into a settlement is a memorandum with Green's typed

---

[1] The court notes that Hale did not appear at the Hearing. The court received Hale's "Motion for Continuance" (docket no. 90) after the Hearing took place and, subsequently, denied the Motion for Continuance as moot. *See* July 2, 2015 Order (docket no. 91).

3

signature that was sent to Wild.  *See* Memorandum (docket no. 78-3).  An additional complicating factor is that Mone is not Green's attorney of record in this case—Green is a pro se party and Mone has not made an appearance.  Based on the record, the court cannot find that Green should be bound by a settlement agreement that he has not signed and of which there is little evidence of his involvement.  Accordingly, the Motion to Enforce Settlement Agreement shall be denied.

## IV.  DEFAULT JUDGMENT

Pursuant to Federal Rule of Civil Procedure 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  When a plaintiff's claim is not for a sum certain, "the party must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2).  When a defendant is in default, its "liability to the plaintiff is deemed established and the plaintiff is not required to establish [its] right to recover."  *Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973) (quoting 3 Barron & Holtzoff, Federal Practice & Procedure § 1216, 85-86 (1958)).  "When a default judgment is entered on a claim for an indefinite or uncertain amount of damages, facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proved in a supplemental hearing or proceeding" by a preponderance of the evidence.  *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001).

The Clerk of Court entered defaults against all Defendants.  *See* Clerk's Default Entry (docket nos. 42, 48 and 67).  However, Synergy's claim is not for a sum certain.  Therefore, the court held the Hearing for the purpose of establishing, among other things, the amount to which Synergy is entitled.

### A. *Motion to Set Aside Default Entry*

Prior to the Hearing, Hale filed the Motion to Set Aside Default Entry, on behalf of himself and Lance M. Hale & Associates.[2] In the Motion to Set Aside Default Entry, Hale requests that the court grant him leave to file an answer to the Second Amended Complaint and set aside the default entry. Once a default has been entered, "the district court may set aside an entry of default '[f]or good cause shown.'" *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) (quoting Fed. R. Civ. P. 55(c)) (alteration in original). "Although the same factors are typically relevant in deciding whether to set aside entries of default and default judgments, '[m]ost decisions . . . hold that relief from a default judgment requires a stronger showing of excuse than relief from a mere default order.'" *Id.* (quoting *Conn. Nat'l Mortgage Co. v. Brandstatter*, 897 F.2d 883, 885 (7th Cir. 1990)) (alterations in original). "When examining whether good cause exists, the district court should weigh 'whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused.'" *Stephenson v. El-Batrawi*, 524 F.3d 907, 912 (8th Cir. 2008) (quoting *Johnson*, 140 F.3d at 784).

Hale argues that he did not respond to the Second Amended Complaint because he believed it was the same as the Amended Complaint. He also states that he has been unable to hire counsel in Iowa due to various financial difficulties, a divorce and health issues relating to his children. Hale states that he "does not have electronic filing capabilities with [the] [c]ourt and did not know" there was a default entry against him. However, the docket reflects the fact that the Clerk's Default Entry (docket no. 42) was mailed to Hale. In fact, each filing in this case has been mailed to him, per the docket

---

[2] The docket lists Lance Hale and Lance Hale & Associates as pro se parties. However, Hale is an attorney licensed in the state of Virginia and is capable, therefore, of representing Hale & Associates.

text. Hale's excuses do not rise to the level of good cause. Although Hale has not obtained counsel to represent him in these proceedings, he is an attorney. He should be familiar with the deadlines and procedures that govern judicial proceedings. Furthermore, Hale has been only minimally responsive to Synergy throughout the course of litigation and failed to appear for the Hearing. To set aside the default at this stage of the proceedings would prejudice Synergy. Accordingly, the court shall deny the Motion to Set Aside Default Entry.

### B. *Motions for Default*

The Clerk of Court entered default against Green, Denn, Hale and Hale & Associates. Neither Denn nor Green responded to the entries of default. As discussed above, the court declines to set aside the default against Hale and Hale & Associates. Therefore, the four pending motions for default judgment shall be granted. However, because the damages are not for a "sum certain," the court must determine the amount, if any, to which Synergy is entitled.

Synergy is seeking the following damages against Green: (1) compensatory damages for fraudulent misrepresentation, fraudulent concealment and negligent misrepresentation, including reliance and benefit of the bargain damages, past and future lost profits, out of pocket expenditures and other past and future economic damages; (2) amounts owed on promissory notes, plus interest; and (3) interest on the judgment and costs.

Synergy is seeking the following damages against Denn: (1) compensatory damages for fraudulent misrepresentation and fraudulent concealment, including but not limited to reliance and benefit of the bargain damages, past and future lost profits, out of pocket expenditures and other past and future economic damages; (2) compensatory damages for conversion; (3) punitive damages due to Denn's fraudulent misrepresentations, concealment and conversion; and (4) interest on the judgment and costs.

Synergy is seeking the following damages against Hale and Hale & Associates: (1) compensatory damages for fraudulent misrepresentation and fraudulent concealment, including reliance and benefit of the bargain damages, past and future lost profits, out of pocket expenditures and other past and future economic damages; (2) compensatory damages caused by Hale and Hale & Associates' negligence, negligent misrepresentation and breach of contract; (3) punitive damages due to Hale and Hale & Associates' fraudulent misrepresentations and concealment; and (4) interest on the judgment and costs.

To prove its damages, Synergy presented various documents and the testimony of Wild.[3] The evidence includes a contract between Wild and Green "for the purpose of dividing and disbursement of proceeds derived from a trading program." Agreement, Exhibit 2 (docket no. 33-1). The trading program is outlined in Exhibits 3, 4 and 5 (docket nos. 33-2, 33-3 and 33-4). An Escrow Agreement indicates that $150,000 was designated for use in the trading program. *See* Exhibit 6 (docket no. 33-5). The parties to the Escrow Agreement are Green, Denn and non-party Sam Mayes Johnson III. There are also numerous promissory notes signed by Green and payable to Synergy, which will be discussed in more detail below. Furthermore, Synergy filed various e-mails involving Green, Hale, Wild and several non-parties. *See* Exhibits 18-23 and 25 (docket nos. 86-1 through 86-6 and 86-8). Other exhibits included documents such as Instructions to the Paymaster (docket no. 33-13, 33-14) and a Bank of America account statement that appears to belong to Denn. *See* Account Statement (docket no. 33-15) and Business Financial Relationship Agreement (docket no. 33-16).

The court finds that Synergy has not demonstrated by a preponderance of the evidence that it is entitled to damages from Denn, Hale or Hale & Associates. Based on

---

[3] The exhibits also include documents presented at a September 29, 2014 hearing on default judgment. *See* September 29, 2014 Minute Entry (docket no. 32). The record from that hearing was incorporated into the record for the instant Hearing.

7

the evidence in the record, it appears that any damages based on breach of contract, negligent misrepresentation, fraudulent misrepresentation and concealment, negligence or conversion are purely speculative. *See Everyday Learning Corp.*, 242 F.3d at 818 (upholding a district court's decision not to award damages when said damages were speculative, in addition to not being proved by a preponderance of the evidence). Furthermore, Synergy presented no evidence on what it believes it is entitled to for violations of Washington, Iowa and federal securities laws. The terms of the agreement lack clarity, as does how exactly money was to be earned. Additionally, Synergy has not detailed the amounts to which it believes it is entitled from Denn, Hale or Hale & Associates, aside from estimating that Synergy expected to earn approximately one million dollars per week for forty weeks under the trading program, apparently to be earned from a $150,000 investment. This bare assertion does not satisfy the court by a preponderance of evidence that Synergy is entitled to $40 million. Based on the record, therefore, the court finds that Synergy has not met its burden of showing damages due to the conduct of Denn, Hale or Hale & Associates.

The court finds that Synergy is entitled to damages from Green in the amount of $230,000, based on the promissory notes outlined below. On July 13, 2010, Green signed a Promissory Note in the amount of $100,000, payable to Synergy. Exhibit 7 (docket no. 33-6). On August 30, 2010, Green signed a Personal Promissory Note in the amount of $10,000, payable to Synergy. Exhibit 8 (docket no. 33-7). On December 23, 2010, Green signed a Personal Promissory Note in the amount of $20,000, payable to Synergy. Exhibit 9 (docket no. 33-8). On February 25, 2011, Green signed a Personal Promissory Note in the amount of $70,000, payable to Synergy. Exhibit 10 (docket no. 33-9). On May 11, 2012, Green signed a Personal Promissory Note in the amount of $7,500, payable to Synergy. Exhibit 11 (docket no. 33-10). On May 19, 2012, Green signed a Personal Promissory Note in the amount of $2,500, payable to Synergy. Exhibit 12 (docket no. 33-

11). On August 2, 2012, Green signed a Personal Promissory Note in the amount of $20,000, payable to Synergy. Exhibit 13 (docket no. 33-12). The promissory notes are each accompanied by various bank documents. Therefore, the court finds that Synergy has demonstrated that it is entitled to $230,000 from Green based on the unpaid promissory notes.

Synergy also seeks interest on the promissory notes. According to all of the promissory notes, except the July 13, 2010 promissory note, interest accrues upon the unpaid principal at a rate of ten percent per annum and payment is due on demand.[4] However, the record does not indicate on what date Synergy demanded payment of the notes from Green.[5] Because Synergy has not provided evidence of the time at which payment was demanded, the court cannot accurately calculate interest on the promissory notes. Therefore, the court shall not award Synergy interest on the promissory notes.

## V. CONCLUSION

In light of the foregoing, the court **ORDERS** the following:

(1) Synergy's "Motion to Enforce Settlement Agreement" (docket no. 75) is **DENIED**.

(2) Hale and Hale & Associates' "Motion to File Answers to the Second Amended Complaint and Set Aside Default Entry" (docket no. 74) is **DENIED**.

---

[4] In its Motion for Partial Summary Judgment, Synergy states that it "only seeks interest from the date that [Synergy's original complaint] was filed" with respect to the July 13, 2010 promissory note. Motion for Partial Summary Judgment at 3.

[5] In its Partial Motion for Summary Judgment, Synergy appears to have calculated interest at a rate of ten percent per annum from the time the promissory notes were signed until the date it filed the Partial Motion for Summary Judgment. However, the ten percent interest rate would cease to apply once a demand for payment is made.

(3) Synergy's "Renewed Motion for Partial Summary Judgment Against Edward R. Green" (docket no. 54) is **DENIED AS MOOT**.[6]

(4) Synergy's "Motion for the Entry of Default Judgment Against Lance M. Hale and Lance M. Hale & Associates" (docket no. 62) is **GRANTED**.

(5) Synergy's "Motion for Entry of Default Judgment Against Lucas Denn" (docket no. 63) is **GRANTED**.

(6) Synergy's "Motion for the Entry of Default Judgment Against Edward R. Green" (docket no. 68) is **GRANTED**.

The Clerk of Court is **DIRECTED** to enter judgment in favor of Plaintiff Synergy Projects, Inc. and against Defendant Edward R. Green in the amount of $230,000; against Defendant Lucas Denn in the amount of $0; against Defendant Lance M. Hale in the amount of $0; and against Defendant Lance M. Hale & Associates in the amount of $0.

**IT IS SO ORDERED.**

**DATED** this 15th day of July, 2015.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[6] Counsel for Synergy confirmed at the Hearing that the Motion for Summary Judgment is moot in light of the motions for default judgment.